**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAH YOUNG,                ) | |
|                     ) | |
|          Plaintiff,       ) | |
|                     ) | |
|         v.              ) | Civil Action No. 20-cv-1765 (TSC) |
|                     ) | |
| FORT MYER CONSTRUCTION   ) | |
| CORPORATION,            ) | |
|                     ) | |
|         Defendant.      ) | |
| | |

**MEMORANDUM OPINION**

       Plaintiff Leah Young has sued her former employer, Fort Myer Construction

Corporation, for race and gender discrimination, retaliation and hostile work

environment.  Defendant has moved to dismiss under Rule 12(b)(6) of the Federal Rules

of Civil Procedure, ECF No. 6, based on the statute of limitations.  For the following

reasons, Defendant's motion will be GRANTED.

**I.  BACKGROUND**

       Plaintiff alleges that the conduct giving rise to this action occurred between 2017

and 2020, during her employment with Defendant, a federal contractor.  *See* Compl.

Sec. III (Statement of Claim), ECF No. 1.  On August 2, 2019, Plaintiff filed an

employment discrimination charge with the U.S. Department of Labor's Office of

Federal Contract Compliance Programs ("OFCCP").  *See* Def.'s Ex. 1, ECF No. 6-2.

On March 25, 2020, following an investigation, Plaintiff "received" a "Notice of Right

to Sue letter."  Compl. Sec. IV (Exhaustion of Federal Administrative Remedies); *see*

Def.'s Ex. 2, ECF No. 6-3.  In the letter dated March 18, 2020, the OFCCP detailed its

reasons for finding "insufficient evidence that the contractor violated" Title VII of the Civil Rights Act of 1964.  Def.'s Ex. 2 at 5.  The letter also informed Plaintiff of her right to "file a lawsuit against the contractor under Title VII in federal or state court," highlighting that it "**be filed within 90 calendar days of receipt of this notice, or your right to sue will be lost**."  *Id*. at 6 (bolded in original).  Plaintiff signed and filed the instant Complaint on June 26, 2020.  *See* ECF No. 1 and Clerk's separate entry of date of receipt.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" and "the grounds for the court's jurisdiction" so that a defendant has fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing cases).  Rule 12(b)(6) permits a party to move for dismissal on the grounds that the complaint has failed "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). Compliance with Title VII's statute of limitations is an affirmative defense properly raised in a motion under Rule 12(b)(6).  *See Greer v. Bd. of Trustees of Univ. of D.C.*, 113 F. Supp. 3d 297, 306 (D.D.C. 2015) (citing cases).  "In ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity."  *Demissie v. Starbucks Corporate Office & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014).

### III.  ANALYSIS

Under Title VII, a plaintiff must file a lawsuit in U.S. district court within 90 days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission or an equivalent authority like the OFCCP.  42 U.S.C. § 2000e–5(f)(1); *see* 76 FR 71029-02 (Nov. 16, 2011) (Coordination of Functions; Memorandum of Understanding); https://www.dol.gov/agencies/ofccp/contact/file-complaint.  This period begins to run on the day after receipt of the letter.  *Akridge v. Gallaudet Univ.*, 729 F. Supp. 2d 172, 178 (D.D.C. 2010) (citing Fed. R. Civ. P. 6).  "Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day."  *McAlister v. Potter*, 733 F. Supp. 2d 134, 142 (D.D.C. 2010) (citing cases).  Although a plaintiff's failure to comply may be excused, the "court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances."  *Smith-Haynie v. District of Columbia.*, 155 F.3d 575, 579–80 (D.C. Cir. 1998) (internal quotation marks and citation omitted).

In the verified Complaint, Plaintiff pleads unequivocally that she received her right-to-sue letter on March 25, 2020.  She filed this lawsuit on June 26, 2020, ninety-two days later.  In her unsworn opposition, Plaintiff asserts that she "mistakenly inserted" in the Complaint "the date of the email transmission, and not the actual date of receiving/discovering the email transmission in my email spam folder" allegedly "some 5 days later."  Opp'n at 1, ECF No. 9.  Plaintiff also claims that she "received the hard copy via the United States Postal Service" on an unspecified date "after" her discovery of the email transmission.  *Id.*  But without proof of receipt, Plaintiff cannot rebut the presumption that she received the mailed copy of the right-to-sue notice

within three to five days of its issuance on March 18, 2020 (or by March 23, 2020, at the latest). *See Maggio v. Wisconsin Ave. Psychiatric Ctr., Inc.*, 795 F.3d 57, 60, n.1 (D.C. Cir. 2015) ("When the EEOC mails a right-to-sue notice, the presumptive day of receipt is three-to-five days after issuance and mailing."). In that case, the deadline for the lawsuit was Monday, June 22, 2020, thereby making Plaintiff's filing on Friday, June 26, 2020, late by four days instead of two days. As discussed next, moreover, Plaintiff has asserted nothing to satisfy the "high hurdle" of equitable tolling. *Smith-Haynie*, 155 F.3d at 579.

An employee is entitled to equitable tolling in narrow situations where she has shown "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Niskey v. Kelly*, 859 F.3d 1, 7 (D.C. Cir. 2017) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (other citation omitted)). Examples of extraordinary circumstances are where (1) "a claimant has received inadequate notice"; (2) "a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon"; (3) "the court has led the plaintiff to believe that she had done everything required of her"; and (4) "affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (internal citations omitted). Conversely, the court's equitable power to toll the statute of limitations does "not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see accord Oviedo v. Washington Metro. Area Transit Auth.*, 948 F.3d 386, 394 (D.C. Cir. 2020).

Plaintiff's only plausible basis for tolling the statute of limitations is her claim, undermined by the allegation in the Complaint, that she discovered the right-to-sue letter in her email spam folder five days after March 25, 2020.  Even if true, the neglectful monitoring of a personal email account does not merit equitable tolling.  *See Menominee Indian Tribe of Wisconsin v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014) ("To count as sufficiently 'extraordinary' to support equitable tolling, the circumstances that caused a litigant's delay must have been beyond its control.") (surveying cases)); *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 279 (D.C. Cir. 2003) ("[E]quitable tolling — as a method for adjusting the rights of two innocent parties — merely ensures that the plaintiff is not, by dint of circumstances beyond [her] control, deprived of a reasonable time in which to file suit") (internal quotation marks omitted)).

## IV.  CONCLUSION

 For the foregoing reasons, Defendant's motion to dismiss will be GRANTED. A corresponding order will issue separately.


Date:  March 1, 2021


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge